UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL ANTHONY NIX,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ROBERT S LASNIK, RICARDO S MARTINEZ, SEUNGJAE LEE, MARK PARRENT, ANNETTE HAYES, DOES 1 through 100,<br><br>Defendants. | Case No. 2:18-CV-01147-RHW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court are Defendants' Motion to Dismiss and Motion for Summary Judgment, ECF No. 26, Plaintiff's Response and Motion to Strike, ECF No. 29, and Defendants' Reply, ECF No. 28. The Court has reviewed the filings and the docket as a whole and is fully informed. For the reasons discussed, the Court grants Defendants' motion to dismiss.

## I.     Background

On September 10, 2018, Plaintiff Anthony Nix filed a thirty-six page Amended Complaint[1] against Defendants Robert S. Lasnik, Ricardo S. Martinez,

---

[1] On August 6, 2018, Plaintiff filed his original Complaint in this matter. ECF No. 1. On August 27, 2018, the Court issued an Order Dismissing Plaintiff's Complaint Without Prejudice. ECF No. 8. Plaintiff was given leave to amend his complaint within 14 days. *Id*. The original

**ORDER GRANTING MOTION TO DISMISS** \* 1

Seungjae Lee, Mark Parrent and Annette Hayes in their individual capacities, the United States as a federal corporation, and Does 1 through 100. ECF No. 9.

Plaintiff brings six *Bivens* claims against Defendants for multiple violations of his Constitutional rights and seeks redress and lawful aid and protection from the actions of the Defendants. *Id*. at 1. In his claims for relief, Plaintiff seeks both injunctive relief and damages.[2] He accuses Defendants of clear misrepresentations of fact and law, conspiracy, extortion and corrupt practices, threat of physical and emotional harm, coercion, fraudulent omissions, and lack of fair and equal disclosure of exculpatory facts. *Id*. at 2. Plaintiff further accuses Defendants of misappropriating numerous financial instruments for their own benefit. ECF No. 9 at 12.

Plaintiff's claims against Defendants arise from his underlying criminal case in which he was charged with 25 counts of various tax and financial violations. *See United States v. Daniel Nix*, 2:17-cr-00105-RSL-1 (W.D. WA.). Defendant Lasnik was the presiding judge in Plaintiff's criminal case. Defendant Martinez is the Chief District Court Judge in the Western District of Washington. Defendant Hayes is the United States Attorney for the Western District of Washington. Defendants Parrent and Lee were the Assistant United States Attorneys who prosecuted Plaintiff in his criminal case.

---

Complaint was superseded and replaced by the September 10, 2018 Amended Complaint. ECF No. 9.

[2] In his first claim, Plaintiff seeks permanent injunctive relief and a temporary restraining order against Defendants, ECF No. 9 at 26; in his second claim he seeks permanent injunctive relief and damages in the amount of $50,000,000, *Id*. at 27; in his third claim he seeks relief for emotional distress, immediate and permanent injunctive relief and $50,000,000 in damages, *Id*. at 29; in his fourth claim he seeks an order compelling full disclosure of all financial records in the custody and control of Defendants, expungement of all legal actions that involve Plaintiff, and return of all of his stolen equity, *Id*. at 31; in his fifth claim he seeks relief for Intentional Infliction of Emotional Distress by Defendants in the form of $50,000,000 in damages, *Id*. at 34; in his sixth claim he seeks an order disgorging all property held by Defendants in full with no encumbrances, *Id*. at 34.

**ORDER GRANTING MOTION TO DISMISS** * 2

Defendants are moving for dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim. ECF No. 26. Defendants Martinez and Lasnik move for dismissal on the grounds of judicial immunity. *Id*. Defendants Hayes, Parrent, and Lee move for dismissal on the grounds of prosecutorial immunity. *Id*. Defendant United States moves for dismissal pursuant to sovereign immunity. *Id.* Defendants also claim that the Court should dismiss the claims against them pursuant to the *Heck* Doctrine. *Id.*

## II. Legal Standard

### A. Plaintiff's *Bivens* claims against Defendants.

Plaintiff brings six *Bivens* claims against Defendants Martinez, Lasnik, Hayes, Parrent, and Lee in their individual capacities. Under 42 U.S.C. § 1983, a plaintiff may bring a claim for damages against a state official who has acted under the color of law to deprive plaintiff of his right that is secured by the Constitution or federal statute. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "*Bivens [v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978). *Bivens* actions are identical to those brought under § 1983, save for the replacement of a state actor under § 1983 for a federal actor under *Bivens*. *Van Strum v. Lawn*, 940 F2d 406, 409 (9th Cir. 1991).

"[A] *Bivens* action will not lie when Congress has created 'comprehensive procedural and substantive provisions giving meaningful remedies against the United States.'" *Janacki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir. 1994) (quoting *Bush v. Lucas*, 362 U.S. 367, 368 (1983). Moreover, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo*

**ORDER GRANTING MOTION TO DISMISS** * 3

*de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Morgan v. United States*, 323 F.3d 776 780 n.3 (9th Cir. 2003). As such, a *Bivens* action may be brought against a defendant in his individual capacity only, and not in his official capacity. *Consejo de Desarrollo Economico de Mexicali, A.C.,* 482 F.3d at 1173. "Even circumstances in which a *Bivens* remedy is generally available, an action under *Bivens* will be defeated if the defendant is immune from suit." *Hui v. Castaneda*, 559 U.S. 799, 807 (2010).

### B. Defendant's motion to dismiss.

#### 1. Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1).

F.R.C.P. 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. A federal court has jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1331, 1332(a). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Stock West, Inc. v, Confederated Tribes*, 873 F2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court… must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

#### 2. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6).

A motion to dismiss made pursuant to F.R.C.P. 12(b)(6) tests the sufficiency of a party's claim for relief. *See* Fed. R. Civ. P. 12(b)(6) (a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."). Under F.R.C.P. 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, a party fails to state a plausible claim for relief on the face of the complaint. *Id*.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is plausible when the

**ORDER GRANTING MOTION TO DISMISS** * 4

factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 678; (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss pursuant to 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler v. Summit P'ship v. Turner Broad Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Courts should not grant a motion to dismiss for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). "[D]ismissal without leave to amend is improper unless it is clear that the complaint could not have been saved by amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). The Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines the pleading could not possibly be cured by the allegation of other facts." *Cooks, Perkiss, and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

As a preliminary matter, Defendants attached a copy of the docket from *United States v. Daniel Nix*, 2:17-cr-00105-RSL-1 (W.D. WA.) to their Motion to Dismiss and requested that the Court take judicial notice of the proceedings in Plaintiff's underlying criminal case. ECF No. 26 at 2-3. Although district courts may not consider any material beyond the pleadings when ruling on an F.R.C.P. 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting the motion to dismiss into one for summary judgment. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). ). The Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily

**ORDER GRANTING MOTION TO DISMISS** * 5

relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenburg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

In this case, the docket sheet for *United States v. Nix* is a matter of public record and it is necessarily relied upon by the Amended Complaint. Therefore, the Court grants Defendants' request for judicial notice of the proceedings in Plaintiff's underlying criminal case and conviction.

### III. Discussion

### A. Defendant United States has not waived sovereign immunity.

As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "The doctrine of sovereign immunity … 'is an important limitation on the subject matter jurisdiction of federal courts.'" *Id.* at 1087 (quoting *Vacek v. U.S. Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006). Federal district courts are courts of limited jurisdiction that may not grant relief absent a constitutional or valid statutory grant of jurisdiction. *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). As such, a federal court is to presume that a cause lies outside its limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). A suit is against the sovereign "if the judgment sought would expend itself on the public treasury or domain, interfere with public administration, or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citations omitted). Where a suit has not been consented to by the United States, dismissal of the action is required. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

**ORDER GRANTING MOTION TO DISMISS** * 6

In his Amended Complaint, Plaintiff lists the United States as a defendant to each of his six claims, however, he fails to set forth with specificity any plausible claims for relief against the United States. ECF No. 9. Plaintiff asserts that Defendant United States committed fraud against him and violated his First Amendment rights. *Id.* at 29. However, Plaintiff fails to validate these ambiguous claims. The Amended Complaint is devoid of any detailed assertions of the actual violations Defendant United States committed against Plaintiff as well as any facts as to how they occurred. Plaintiff has also failed to show that Defendant United States has waived its sovereign immunity defense to the claims against it. As such, the Court lacks jurisdiction over Plaintiff's claims against Defendant United States. *Hutchinson,* 677 F.2d at 1327. Further amendment of the complaint with respect to Defendant United States would be futile, therefore, the Amended Complaint will be dismissed without leave to amend with regard to Defendant United States. *Jackson*, 353 F.3d at 758.

### B. Defendants Martinez and Lasnik are entitled to absolute judicial immunity.

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge does not forfeit the benefit of judicial immunity because his action was in error, was done maliciously, or was in excess of the judge's authority. *Sparkman*, 435 U.S. at 356. The scope of a judge's jurisdiction must be broadly construed. *Id.* "To determine if a given action is judicial…, courts [should] focus on whether: (1) the precise act is a judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the

**ORDER GRANTING MOTION TO DISMISS** * 7

judge; (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075-76.

The doctrine of absolute immunity also protects judges from allegations of conspiracy. *Id.* at 1075 (While a conspiracy to predetermine the outcome of judicial proceedings is clearly improper, it does not pierce the immunity extended to judges and prosecutors.). A plaintiff must state specific facts, not mere conclusory statements, to support the existence of an alleged conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Claims based on vague and conclusory allegations, which fail to specify each defendant's role in the alleged conspiracy, are subject to dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff's complaint is completely devoid of any factual allegations that Defendants had an agreement to conspire to violate his constitutional rights.

Plaintiff's claims that Defendant Lasnik obstructed judicial proceedings against Plaintiff for his own financial gain and benefit. ECF No. 9 at 19. Plaintiff further claims that Defendant Lasnik violated Plaintiff's free exercise of religious beliefs through his aggressive disparagement of Plaintiff's beliefs, denied Plaintiff's right to discover exculpatory evidence, violated Plaintiff's First Amendment free speech rights, and violated Plaintiff's rights to a dues process, a speedy trial, a fair trial and competent counsel. *Id*. at 20. Plaintiff claims that Defendant Martinez violated these rights as well by refusing to disqualify Defendant Lasnik as the presiding judge in Plaintiff's criminal case. Defendants Lasnik and Martinez assert that they are protected by absolute judicial immunity from Plaintiff's claims against them. ECF No. 26 at 6-10.

Plaintiff has failed to produce evidence or facts which would pierce the shield of absolute judicial immunity. Plaintiff's allegations clearly show that he dealt with Judge Lasnik and Chief Judge Martinez in their judicial capacity in hearings and through means of motions and orders. The Amended Complaint is void of any facts from which a plausible inference could be drawn that Judge

**ORDER GRANTING MOTION TO DISMISS** * 8

Lasnik or Judge Martinez acted in "clear absence of all jurisdiction." *Sparkman*, 435 U.S. at 357. Plaintiff's assertions are "based on vague and conclusory allegations" and fail to identify either of the judicial defendant's roles in the alleged conspiracy. *Burn*s, 883 F.2d at 821. The Court is compelled to dismiss without leave to amend, Plaintiff's claims against Defendants Lasnik and Martinez based on the doctrine of absolute judicial immunity. *Jackson*, 353 F.3d at 758.

### C. Defendants Hayes, Parrent, and Lee are entitled to absolute prosecutorial immunity.

The prosecutors in this case, Hayes, Parrent, and Lee, are similarly entitled to absolute immunity due to their status as prosecutors. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 429-30 (1976). Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process for the same reasons judges are immune. *Id*. at 422-23.

The following activities have been found to be intimately connected with the judicial phase of the criminal process: seeking a grand jury indictment, dismissing claims, deciding whether and when to prosecute (*Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001)); making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers (*Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991)); and preparing a case for trial. *Milstein*, 257 F.3d at 1008). A prosecutor also enjoys absolute immunity from a suit alleging that he maliciously initiated prosecution, used perjured testimony at trial, and suppressed material evidence at trial. *Imbler*, 424 U.S. at 430.

Plaintiff claims that Defendants Hayes, Parrent, and Lee lied to the grand jury and concealed exculpatory evidence. ECF No. 9 at 19. Plaintiff further claims

**ORDER GRANTING MOTION TO DISMISS * 9**

that the defendant prosecutors conspired with Defendant Lasnik to obfuscate exculpatory evidence from grand jury and trial jury and misstated the law and issued fraudulent jury instructions to tamper with jury verdict. *Id*. at 19. Defendants Hayes, Parrent, and Lee claim that they are protected from Plaintiff's claims by the shield of absolute prosecutorial immunity and the Court agrees.

Plaintiff has failed to prove that Defendants Hayes, Parrent, and Lee were acting outside of the scope of their official prosecutorial duties. All of the asserted actions by the prosecutor Defendants were taken in the course of their duties as prosecutors in the criminal case against Plaintiff. *Imbler*, 424 U.S. at 429-30. Even Plaintiff's allegations of conspiracy cannot invalidate Defendants' absolute immunity defense. *Ashelman*, 793 F.2d at 1075-76. Because the actions alleged by Plaintiff against Defendants Hayes, Parrent, and Lee all fall within the scope of their prosecutorial duties they are absolutely immune from Plaintiff's claims for relief and the Court is compelled to dismiss with prejudice all claims against Defendants Hayes, Parrent, and Lee. *Cooks, Perkiss, and Liehe, Inc.,* 911 F.2d at 247.

### D. Claims stemming from Defendants' actions throughout Plaintiff's underlying criminal case are barred by *Heck v. Humphrey.*

A plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983 or *Bivens* if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has previously been reversed, expunged, or invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486 (1994); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (Applying the rationale of *Heck* to *Bivens* actions.). This bar also extends to claims for declaratory relief. *Edwards v. Balisok,* 520 U.S. 641, 647–48 (1997). Therefore, any claims regarding a conspiracy to bring unfounded criminal charges and convictions against Plaintiff may only be reviewed by this Court if Plaintiff can demonstrate that his conviction or sentence "has been

**ORDER GRANTING MOTION TO DISMISS** * 10

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486.

Because Plaintiff cannot show that his conviction in his underlying criminal case, *United States v. Anthony Nix*, 2:17-cr-00105-RSL-1 (W.D. WA.), has been reversed on appeal or called into question by the issuance of a writ of habeas corpus, his claims relief regarding Defendants' actions throughout the case must be dismissed. *Heck,* 512 U.S. at 481–82. *Heck* bars a plaintiff from bringing a suit for violation of Constitutional rights if a judgment in his favor would imply the invalidity of his conviction or sentence. *Id.* at 487. It is clear that Plaintiff's claims against these Federal judges and prosecutors are premised on his belief that he was wrongly prosecuted and convicted in his underlying criminal case. Grant of Plaintiff's claims for relief by this Court would most certainly invalidate Plaintiff's recent criminal conviction, as such, his claims are barred by *Heck*.

### IV. Conclusion

The Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant United States because, as explained, the United States is entitled to sovereign immunity with respect to Plaintiff's claims for relief. Plaintiff has failed to state a claim for relief against Defendants Martinez and Lasnik that could circumvent the absolute judicial immunity they possess. Plaintiff has also failed to state a plausible claim for relief against Defendants Hayes, Parrent and Lee because they are entitled to absolute prosecutorial immunity from Plaintiff's *Bivens* claims for damages. Plaintiff's claims for relief associated with his criminal case are barred by *Heck* because he has failed to show that his conviction has been reversed on appeal or that he has been issued a writ of habeas corpus. For these reasons, it is clear that no amendment of Plaintiff's complaint against Defendants Martinez, Lasnik, Hayes, Lee, Parrent, and United States could cure the

**ORDER GRANTING MOTION TO DISMISS** * 11

deficiencies of Plaintiff's claims and amendment would be futile. Because Plaintiff has already been granted leave to amend his original complaint in this matter, the Court finds it appropriate to dismiss with prejudice, all of Plaintiff's all claims in the Amended Complaint against Defendants Martinez, Lasnik, Hayes, Parrent, Lee, and United States for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

Lastly, Plaintiff has failed to enlighten the Court with regard to Defendants Does 1-100. Plaintiff references "unknown officers of the State of Washington" once in the Amended Complaint, ECF No. 9 at 8, and only refers their actions taken with regard to his criminal case. Plaintiff has failed to provide any explanation as to why Does 1-100, including these "unknown Washington State officers, would not be entitled the same immunities that protect the other Defendants in this matter. Further, Plaintiff failed to list Does 1-100 on any of his six claims as he did with the other six defendants in the matter. ECF No. 9 at 25-35. As such, the Court dismisses with prejudice all claims against Does-100.

The Court finds good cause to **GRANT** Defendants' Motion to Dismiss, ECF No. 26. For the reasons stated above, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint, ECF No. 9.

**Accordingly, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 26**, is **GRANTED**.
2. This matter is **DISMISSED with prejudice and without leave to amend.**
3. Defendants' request for judicial notice of the proceedings in *United States v. Anthony Nix*, 2:17-cr-00105-RSL-1 (W.D. WA.), is **GRANTED.**
4. Plaintiff's Motion to Strike, ECF No. 29, is **DENIED**.

**ORDER GRANTING MOTION TO DISMISS** \* 12

| | |
|---|---|
| 1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter this |
| 2 | Order, enter judgment of dismissal with prejudice, forward a copy to Plaintiff, and |
| 3 | close the file. |
| 4 | **DATED** this 2nd day of January, 2019. |

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING MOTION TO DISMISS** * 13